**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Case No. 06-20141
)
MARCO ANTONIO NUNEZ-RAMOS, )
)
Defendant. )
)

**MEMORANDUM AND ORDER**

Defendant Marco Antonio Nunez-Ramos pleaded guilty in 2007 to one count of possession with intent to distribute methamphetamine (doc. 18). He was sentenced to 235 months in prison (doc. 49). Mr. Nunez-Ramos appealed to the Tenth Circuit, but his appeal was dismissed (doc. 53). Mr. Nunez-Ramos then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 56), but that motion was dismissed (doc. 73) in light of the waiver included in Mr. Nunez-Ramos's plea agreement.

Earlier this year, nearly sixteen months after the court dismissed Mr. Nunez-Ramos's § 2255, he began filing a variety of pro se motions. Two motions to quash (docs. 74 & 76) were denied as frivolous (docs. 75 & 77). Currently before the court are the following motions:

- Doc. 78 – Motion for Documents (and Doc. 91 – Government's Response)
- Doc. 83 – Motion for Release of Vessel or Property
  ▸ Doc. 84 – Affidavit of Defense in Support

- ▸ Doc. 86 – Motion to Amend Motion to Release Vessel
- Doc. 89 – Motion for Relief from Judgment
- Doc. 95 – Motion for Enforcing a Judgment for a Specific Act

For the reasons discussed below, those motions are denied.

*1.  Motion for Documents*

Mr. Nunez-Ramos asks that the court provide for him

> 1 - copy of docket sheet; 2 - copy of Banker's Acceptance Motion # 7009 0080 0000 2677 3113; copy of registered Bond # TE 4829119, USPS No. 70004 1160 0000 9054 3350; which were received by this Court December 21, 2010 via USPS. All attachments are to be included. Creditor is requesting all the above mentioned documents to be certified, true, and correct copies.

The Tenth Circuit has previously looked to 28 U.S.C. § 753(f), the statutory provision governing copies of transcripts to defendants, to resolve requests for other court documents. *See, e.g., Nortonsen v. Larimer County Dist. Court*, 2006 WL 1086437 (10th Cir. Apr. 26, 2006); *United States v. Lewis*, 1994 WL 563442 (10th Cir. Oct. 14, 1994). Section 753(f) allows free copies of transcripts if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f); *see also Nortonsen*, 2006 WL 1086437, at *1 (holding that post-conviction prisoners do not have an automatic right to free copies of court documents and concluding that they must first demonstrate a nonfrivolous claim); *Lewis*, 1994 WL 563442, at *1 (applying the § 753(f) standard to a defendant's request for documents).

The documents Mr. Nunez-Ramos seeks will have no bearing on the motions

currently pending before this court, and he has suggested no other reason why he might need them. Moreover, the Court's docket sheet shows no receipt of documents in December 2010, although it appears that Mr. Nunez-Ramos attached copies of the very documents he seeks to one of his recent motions to quash and his motions relating to release of a vessel, suggesting that he has copies of those documents already.

Regardless, he fails to establish that the documents are needed to resolve a non-frivolous issue before the court, and so this motion is denied.[1]

Mr. Nunez-Ramos also asks the court in this motion to "direct[] 'USP Lee Prison Personnel, and Mail Room Personnel', to stop hindering with [his] correspondence and hand over all legal documents belong to [him] immediately." Mr. Nunez-Ramos has provided no reason for such an order and no proof that he has exhausted his administrative remedies about this complaint. That request is also denied.

*2. Motion for Release of Vessel or Property, Affidavit of Defense in Support, and Motion to Amend Motion to Release Vessel*

In large part, it is unclear precisely what relief Mr. Nunez-Ramos seeks and the authority for the requests contained in these filings. Mr. Nunez-Ramos's motion for

---

[1] Mr. Nunez-Ramos cites to the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552(a)(d)(1), in support of his request. Neither of those statutes applies to the court, however. *See* 5 U.S.C. § 551(1)(B) ("agency" as used in FOIA does not include the courts of the United States); § 552(f) (defining "agency" to include "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency").

3

release of vessel or property purports to be filed pursuant to Rule E of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Mr. Nunez-Ramos refers to himself as "Third Party Intervenor/underwriter and Secured Party/Creditor," and he asks this court for a variety of things. He seeks forfeiture of trust assets; he contends that his claim is a contract dispute and waives sovereign immunity; he defines himself as "a vessel owned by United States"; and he asserts that the Government acted illegally as a debt collector.

Mr. Nunez-Ramos's case was a criminal action to enforce federal drug laws. His maritime authorities are inapplicable, as are the laws he cites about secured creditors, contract disputes, and debt collection. The motion for release, the affidavit in support, and the motion to amend identify no relief to which Mr. Nunez-Ramos would be entitled, and they are denied.

3.  *Motion for Relief from Judgment*

Again Mr. Nunez-Ramos references a registered bond and his rights as a creditor. He notes that if a mortgage or decree of forfeiture has been paid or discharged, the court can remove the cloud on the title by extinguishing the mortgage. And he asks the court to take judicial notice that his judgment has been satisfied. Mr. Nunez-Ramos attached to his motion copies of a "Banker's Acceptance," Letter of Instructions, and a "Private Indemnity Bond," but it is unclear what Mr. Nunez-Ramos believes these documents signify.

In fact, the judgment against Mr. Nunez-Ramos included 235 months in prison

4

and a $100 special assessment fee (doc. 49). According to the court's records, Mr. Nunez-Ramos has only paid half of the special assessment fee, and his prison term is not yet complete. As such, his judgment has not been satisfied, and he is not entitled to relief from that judgment. His motion is denied.

*4.     Motion for Enforcing a Judgment for a Specific Act*

This motion raises similar arguments as the above motions and includes the same attachments in support. Specifically, Mr. Nunez-Ramos references packages he believes were delivered to the court that discharge and settle the case against him. As such, Mr. Nunez-Ramos asks that the court release and discharge all collateral.

As discussed above, the arguments and authorities Mr. Nunez-Ramos cites are in applicable to the criminal judgment against him. This motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motions (docs. 78, 83, 86, 89, & 95) are denied.

**IT IS SO ORDERED** this 6th day of May, 2011.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge