**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-20141 |
| **MARCO ANTONIO NUNEZ-RAMOS,** ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant Marco Antonio Nunez-Ramos pleaded guilty in 2007 to one count of possession with intent to distribute methamphetamine (doc. 18). He was sentenced to 235 months in prison (doc. 49). Mr. Nunez-Ramos appealed to the Tenth Circuit, but his appeal was dismissed (doc. 53). Mr. Nunez-Ramos then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 56), but that motion was dismissed (doc. 73) in light of the waiver included in Mr. Nunez-Ramos's plea agreement.

Earlier this year, nearly sixteen months after the court dismissed Mr. Nunez-Ramos's § 2255, he began filing a variety of pro se motions. Two motions to quash (docs. 74 & 76) were denied as frivolous (docs. 75 & 77). The court then entered an order (doc. 96) denying several more motions asking for documents (doc. 78), release of vessel (doc. 83), relief from judgment (doc. 89), and enforcement of a judgment (doc. 95).

Mr. Nunez-Ramos has now filed a motion he titled "Administrative Notice and Demand for Identification and Credentials = Claim No. 7009 0080 0000 2668 9230 = in the Nature of Quo Warranto" (doc. 97). Although presented as a motion seeking quo warranto relief,[1] the motion is instead another request for documents. This time, Mr. Nunez-Ramos asks the court to send him its oath of office, officer affidavit, employee affidavit, surety bond, and registration. Given that Mr. Nunez-Ramos does not currently have a nonfrivolous claim properly presented to this court, he is not entitled to the documents he seeks. *See*, *e.g.*, 28 U.S.C. § 753(f); *see also Nortonsen*, 2006 WL 1086437, at *1 (holding that post-conviction prisoners do not have an automatic right to free copies of court documents and concluding that they must first demonstrate a nonfrivolous claim); *Lewis*, 1994 WL 563442, at *1 (applying the § 753(f) standard to a defendant's request for documents).

---

[1] Kansas statutory law provides for quo warrant actions when "any person shall usurp, intrude into or unlawfully hold or exercise any public office." Kan. Stat. Ann. 60-1202. An action in quo warranto is the proper vehicle, for example, for inquiring "into a person's authority to practice law." *McCormick v. City of Lawrence, Kansas*, 253 F. Supp .2d 1156, 1161 (D. Kan. 2003) (quotation marks and citations omitted). However, having the Attorney General bring an action is the preferred method. *Id.* Moreover, "[t]he regulation of the practice of law is a state matter, and the Tenth Circuit recently held that an action to enjoin the unauthorized practice of law did not fall within the federal district court's federal question jurisdiction." *Kansas ex rel. Kline v. Price*, No. 06-4082, 2006 WL 2795492, at *1 (D. Kan. Sept. 26, 2006) (citing *New Mexico ex rel. Stein v. Western Estate Servs., Inc.*, 139 Fed. Appx. 37, 38 (10th Cir. June 29, 2005)).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion (doc. 97) is denied.

**IT IS SO ORDERED** this 21st day of July, 2011.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
