**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**United States of America,**

        **Plaintiff,**

v.                                                                  Case No. 06-20141-01-JWL

**Marco Antonio Nunez-Ramos,**

        **Defendant.**

### **MEMORANDUM & ORDER**

This matter is before the court on Mr. Nunez-Ramos' pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Nunez-Ramos asks the court to reduce his sentence based on Amendment 782 of the United States Sentencing Guidelines. As will be explained, the court lacks the authority to reduce Mr. Nunez-Ramos's sentence based on Amendment 782. The motion, then, is dismissed for lack of jurisdiction.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, ––– U.S. ––––, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). The provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In one such statement, the Commission has specified that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). To determine whether an amendment would have this effect, the policy statement explained,

> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b). This policy statement is binding on the federal courts. 18 U.S.C. § 3582(c).

Applying this policy statement in the present case, the court concludes that Amendment 782 does not lower Mr. Nunez-Ramos's applicable guideline range. Mr. Nunez-Ramos's base offense level of 37 was calculated not by using the drug tables found in U.S.S.G. § 2D1.1 but by using the career offender guideline in U.S.S.G. § 4B1.1. *See* U.S.S.G. § 4B1.1(b) (if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection applies). Amendment 782 does not entitle defendants sentenced under § 4B1.1 to a reduced term of imprisonment because that amendment has no bearing on the career offender guidelines. *See United States v. Hodges*, 721 F.3d 1279, 1280-81 (10th Cir. 2013) (reduction in offense level under Amendment 706 and Amendment 750 has no effect on an applicable career offender guideline range;

2

defendants sentenced under career offender guideline not eligible for reductions under amendments relating to drug quantities).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Nunez-Ramos's motion to reduce sentence (doc. 122) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 20th day of October, 2015, at Kansas City, Kansas.

        s/ John W. Lungstrum
        John W. Lungstrum
        United States District Judge