IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**           Case No. 06-20141-01-JWL

**Marco Antonio Nunez-Ramos,**

    **Defendant.**

## MEMORANDUM & ORDER

    This matter is before the court on Mr. Nunez-Ramos' pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Nunez-Ramos, for the third time, asks the court to reduce his sentence based on Amendment 782 of the United States Sentencing Guidelines. The motion must be dismissed for lack of jurisdiction because Mr. Nunez-Ramos has filed an appeal challenging the court's prior rulings concerning Mr. Nunez-Ramos's eligibility for a reduction under Amendment 782. The notice of appeal filed by Mr. Nunez-Ramos has divested this court of jurisdiction on all issues relating to whether and to what extent Mr. Nunez-Ramos may be entitled to a reduction under Amendment 782.

    Under the Federal Rules, a district court can proceed to resolve some matters simultaneously with the appellate court's consideration of an appeal. *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011). For example, Federal Rule of Appellate Procedure 4(b)(5) gives the district court concurrent jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a). *See id*. The Appellate Rules also specify certain motions that toll the time to file a notice of appeal, and the effect of a notice of appeal is suspended while such a

motion is under consideration by the district court. *Id*. (citing Fed. R. App. P. 4(a)(4)(B)(i) (civil appeals); *id*. 4(b)(3)(B) (criminal appeals); *id*. advisory committee's note, 1993 Amendment ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.")). In addition, "appellate courts have carved out further exceptions to the general rule that allow district courts to address certain matters when judicial efficiency is thereby enhanced." *Id*. District courts "may act in aid of the court of appeals' exercise of its jurisdiction," may address "matters that are not comprehended within the appeal," and may continue full consideration of the case if it certifies that the notice of appeal is invalid or frivolous. *Id*. at 1226-27 (citations omitted).

None of these exceptions permits the court, after the filing of a notice of appeal, to consider Mr. Nunez-Ramos's motion to reduce his sentence under Amendment 782—the exact issue on appeal before the Circuit. For these reasons, the court lacks jurisdiction to resolve any motion concerning Mr. Woods' eligibility for a sentence reduction under Amendment 782. The motion, then, is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Nunez-Ramos's motion to reduce sentence (doc. 127) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 6th day of January, 2016, at Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge