# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                                                               Case No. 06-20141-JWL

Marco Antonio Nunez-Ramos,

        Defendant.

## MEMORANDUM AND ORDER

In 2007, defendant Marco Antonio Nunez-Ramos pled guilty to possession with intent to distribute methamphetamine. This matter is presently before the court on defendant's motion for a sentence reduction pursuant to the First Step Act of 2018 (doc. 134). A cursory review of the record reveals that defendant is not eligible for relief. The First Step Act of 2018 authorizes a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 3 of the Fair Sentencing Act eliminated the 5-year mandatory minimum sentence for simple possession of crack cocaine. *See id.* Thus, the First Step Act of 2018 retroactively applies the Fair Sentencing Act of 2010, but the only substance contemplated in the Fair Sentencing Act is cocaine base. *See* First Step Act § 404(a), 132 Stat. 5194, 5222. Defendant was not charged or convicted of

any offenses relating to cocaine base.  Section 403 of the First Step Act, which is not retroactive, prohibits applying the 25-year mandatory term of imprisonment for a second or subsequent § 924(c) conviction if the first § 924(c) conviction was not final when the second or subsequent offense was committed.  132 Stat. 5194, 5221-22.  That section, then, does not apply because defendant was not convicted of a § 924(c) violation and did not receive an enhanced sentence based upon a prior § 924(c) conviction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for a sentence reduction (doc. 134) is denied.

**IT IS SO ORDERED.**

Dated this 23rd day of March, 2020, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge