# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                       Case No. 06-20141-JWL
                                                                      20-2111-JWL

**Marco Antonio Nunez-Ramos,**

    **Defendant.**

## MEMORANDUM AND ORDER

In 2007, defendant Marco Antonio Nunez-Ramos pled guilty to possession with intent to distribute methamphetamine. This matter is presently before the court on defendant's motion seeking to invalidate his conviction and sentence based on the assertion that he is a sovereign state citizen and, accordingly, is not subject to federal law (doc. 138). The motion is filed on the form utilized for petitions brought under 28 U.S.C. § 2241 and defendant urges that the motion is not brought under 28 U.S.C. § 2255. As will be explained, the motion is dismissed for lack of jurisdiction.[1]

Defendant's motion is identified as one brought under 28 U.S.C. § 2241. A § 2241 petition must be filed in the judicial district where the defendant is incarcerated against the person who has custody over him. *See Lee v. Oliver*, 574 Fed. Appx. 846, 846-47 (10th Cir. Sept. 3, 2014);

---

[1] Defendant has also filed a "Notice of Default" (doc. 143) in which defendant purports to require the government, within 10 days, to admit or deny the "material facts" contained within his motion. Defendant contends that the government's failure to do so "shall constitute a default." There is clearly no proper procedural basis for defendant's Notice of Default and the court, then, takes no action with respect to it.

*see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Defendant is incarcerated at the Victorville Correctional Institution in Adelanto, California. The District of Kansas is not defendant's district of confinement and, accordingly, the court lacks jurisdiction over the motion on that basis.

The court declines to transfer the motion to the correct district because the motion, in reality, attacks an underlying federal conviction or sentence. *Haugh v. Booker*, 210 F.3d 1147, 1149–51 (10th Cir. 2000) (district court should take a "quick look at the merits" before deciding whether to transfer the case under 28 U.S.C. § 1631 or dismiss the petition outright; a § 2241 petition that attacks the legality of detention is in fact a § 2255 petition that must be filed in the district that imposed the sentence). Even though defendant has styled his motion as one brought under § 2241, and despite the fact that he expressly disavows any reliance on § 2255, the relief sought in the motion clearly indicates that the motion must be brought under § 2255. *See id.*; *Russian v. United States*, 2019 WL 1406258, at *3 (D. Kan. Mar. 28, 2019) (sovereign state citizen argument is the type of argument that must be asserted in a § 2255 motion).

But because defendant has already filed a petition for relief under 28 U.S.C. § 2255,[2] rendering the instant motion a second or successive motion under § 2255, defendant must obtain authorization from the Tenth Circuit prior to filing it. *See* 28 U.S.C. § 2255(h). He has not shown that he obtained such authorization and, thus, this court lacks jurisdiction to consider the motion.

---

[2] Defendant filed his 2255 motion in March 2009 and the court resolved that motion in September 2009.

*United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). Thus, the court must either dismiss these claims for lack of jurisdiction or transfer the motion to the Tenth Circuit for a determination whether to permit successive § 2255 proceedings. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). The court should transfer such a motion to the Circuit only when it concludes that a transfer would be "in the interests of justice." *Id*.

The court declines to transfer defendant's motion to the Circuit. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Specifically, he has not shown that his claims satisfy the requirements of § 2255(h). He has not directed the court to any newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty or a new rule of constitutional law that would bear on his conviction. He simply asserts a "plainly frivolous" sovereign state citizen argument. *See United States v. Palmer*, 699 Fed. Appx. 836, 838 (10th Cir. Oct. 19, 2017) (reasonable jurists could not disagree that sovereign state citizen argument is "plainly frivolous"). The court, then, dismisses the motion for lack of jurisdiction.

Finally, the court considers whether to issue a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard, the court declines to issue a certificate of appealability because it is not debatable that defendant's motion constitutes a successive petition that the court lacks jurisdiction to resolve.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion seeking to invalidate his conviction and sentence based on the assertion that he is a sovereign state citizen (doc. 138) is **dismissed for lack of jurisdiction**.

**IT IS FURTHER ORDERED BY THE COURT THAT** a certificate of appealability is **denied.**

**IT IS SO ORDERED.**

Dated this 28th day of May, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge