IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                      Case No. 06-20141-JWL
                                                         20-2111-JWL

**Marco Antonio Nunez-Ramos,**

      **Defendant.**

### MEMORANDUM AND ORDER

In 2007, defendant Marco Antonio Nunez-Ramos pled guilty to possession with intent to distribute methamphetamine. This matter is presently before the court on defendant's motion to set aside the judgment in this case pursuant to Federal Rule of Civil Procedure 60(b)(3) (doc. 147). In his motion, defendant asserts that the judgment must be set aside for fraud on the court because the government failed to provide the court with a copy of the Organic Act of 1871, an argument that relates to the "sovereign citizen" argument that defendant continues to press in this case and that the court has rejected as frivolous.[1]

A Rule 60(b) motion must be construed as a successive § 2255 petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Conversely, it is a "true" 60(b) motion if it either "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the

---

[1] For a discussion of this particular tenet of the Sovereign Citizen movement, see *United States v. Harding*, 2013 WL 1832564, at *1–2 (W.D. Va. May 1, 2013).

integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id*. at 1215–1216 (citations omitted). Because defendant's motion unquestionably attacks the validity of his conviction, as opposed to asserting a defect in the integrity of the habeas proceeding, the motion is subject to authorization under § 2255(h). *See United States v. Baker*, 718 F.3d 1204, 1207–08 (10th Cir. 2013); *United States v. Medina*, 510 Fed. Appx. 749, 751 (10th Cir. Feb. 12, 2013) (where Rule 60(b) motion attacked underlying conviction, it was appropriately deemed a successive motion); *Russian v. United States*, 2019 WL 1406258, at *3 (D. Kan. Mar. 28, 2019) (sovereign state citizen argument is the type of argument that must be asserted in a § 2255 motion). Defendant has not shown that he obtained such authorization and, thus, this court lacks jurisdiction to consider the motion. *Baker*, 718 F.3d at 1206. Thus, the court must either dismiss the motion for lack of jurisdiction or transfer the motion to the Tenth Circuit for a determination whether to permit successive § 2255 proceedings. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). The court should transfer such a motion to the Circuit only when it concludes that a transfer would be "in the interests of justice." *Id*.

The court declines to transfer defendant's motion to the Circuit. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Defendant has not shown that his claim satisfies the requirements of § 2255(h). He has not directed the court to any newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty or a new rule of constitutional law that would bear on his conviction. He simply asserts a "plainly frivolous" sovereign state citizen argument. *See United States v. Palmer*, 699 Fed. Appx. 836, 838 (10th Cir. Oct. 19, 2017) (reasonable jurists could not disagree

that sovereign state citizen argument is "plainly frivolous"). The court, then, dismisses the motion for lack of jurisdiction.

Finally, the court considers whether to issue a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard, the court declines to issue a certificate of appealability because it is not debatable that defendant's motion constitutes a successive petition that the court lacks jurisdiction to resolve.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to set aside the judgment in this case (doc. 147) is **dismissed for lack of jurisdiction**.

**IT IS FURTHER ORDERED BY THE COURT THAT** a certificate of appealability is **denied.**

**IT IS SO ORDERED.**

3

Dated this 7th day of January, 2022, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge
