IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

      Plaintiff,

v.                                                     Case No. 06-20141-JWL

Marco Antonio Nunez-Ramos,

      Defendant.

### MEMORANDUM AND ORDER

In 2007, defendant Marco Antonio Nunez-Ramos pled guilty to possession with intent to distribute methamphetamine. He was sentenced to 235 months imprisonment and was released from BOP custody in October 2023. This matter is presently before the court on defendant's motion for relief (doc. 152) in which defendant, citing 27 C.F.R. § 72.11, seeks a "full liquidation of the penal sum of the payment and performance bonds" associated with the "account" tied to his criminal case; the "expungement of profiles" under 34 U.S.C. § 40743; and the "destruction of records" under 28 C.F.R. § 25.9. In his motion, defendant identifies himself as a "private banker" and threatens to file a lien against the Clerk of the Court if the Clerk fails to comply with defendant's requests. Just prior to defendant's reply deadline, defendant filed another motion for relief (doc. 155), which is duplicative of his request under 27 C.F.R. § 72.11 for a "full liquidation of the penal sum of the payment and performance bonds" associated with his criminal case.

The court has a duty to determine its own jurisdiction. *United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018). "Federal courts are courts of limited jurisdiction,

possessing only that power authorized by Constitution and statute," and jurisdiction "must be established in every cause under review in the federal courts." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015). The burden of establishing jurisdiction "rests upon the party asserting jurisdiction." *Id*. Thus, defendant must show that the court has jurisdiction to consider his motions.

The regulations cited by defendant do not authorize a cause of action or otherwise establish jurisdiction in this closed criminal case. Defendant references 27 C.F.R. § 72.11, which simply sets forth the meaning of certain terms regarding the disposition of personal property seized by the Bureau of Alcohol, Tobacco and Firearms. He also references 28 C.F.R. § 25.9, which relates to the retention and destruction of records maintained in the National Instant Criminal Background Check system. And the statute cited by defendant, 34 U.S.C. § 40743, relates to the expungement of DNA data collected for purposes of inclusion in the National DNA Index System. Defendant has wholly failed to identify a jurisdictional basis for the court to resolve his pending motions. The remainder of defendant's motions and attachments thereto are nonsensical or bear the hallmarks of sovereign citizen claims which the court in this case has repeatedly rejected as without merit.

For the foregoing reasons, defendant's motions are dismissed for lack of jurisdiction.


**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motions for relief (docs. 152 and 155) are **dismissed for lack of jurisdiction**.


**IT IS SO ORDERED.**

Dated this 13th day of January, 2025, at Kansas City, Kansas.

                                                       <u>s/John W. Lungstrum</u>
                                                       John W. Lungstrum
                                                       United States District Judge